UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARIO FREEMAN,**

  **Plaintiff,**

 v.

**SOUTHERN OHIO
CORRECTIONAL FACILITY,**

  **Defendant.**

**Case No. 1:24-cv-514**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Vascura

## ORDER

 In her Report and Recommendation (R&R, Doc. 4), Magistrate Judge Vascura recommends dismissing this action without prejudice for failure to prosecute. For the reasons discussed below, the Court **ADOPTS** the R&R (Doc. 4) and **DIMISSES** this case **WITHOUT PREJUDICE** for lack of prosecution. Fed. R. Civ. P. 41(b).

 On September 18, 2024, Plaintiff Mario Freeman, a prisoner proceeding pro se, brought this action against the Southern Ohio Correctional Facility (SOCF) for violating his Eighth Amendment rights by providing "insufficient nutrition" at meals. (Compl., Doc 1-1, #3). When he filed the action, he also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). But Freeman did not attach proper documentation to his motion. (Deficiency Order, Doc. 2). So the following day, Magistrate Judge Vascura ordered Freeman to either pay the necessary filing fee or submit a properly supported application to proceed IFP within thirty days. (*Id.* at #9). Freeman did neither. Accordingly, on November 12, 2024, Magistrate Judge Vascura ordered

Freeman to show cause within fourteen days as to why the Court should not dismiss the action for failure to prosecute. (Doc. 3). She cautioned Freeman that failure to comply with the Show Cause Order would result in his case being dismissed. (*Id.* at #10). Despite that warning, Freeman did not respond to that Order.

Freeman's repeated failures to comply with Magistrate Judge Vascura's Orders led her to issue the R&R, which recommends dismissing the action without prejudice for failure to prosecute. (Doc. 4, #12). The R&R further advised all parties that they had fourteen days to object to the R&R if they wished to do so. (*Id.*). That deadline has since passed, and no party has objected. So the Court will review the R&R only for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

One other detail bears noting at the outset. When it comes to pro se litigants like Freeman, the Court construes their pleadings liberally and subjects them to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But even so, pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

With that in mind, the Court turns to the R&R and concludes that it does not contain any error, much less "clear error," Fed. R. Civ. P. 72(b) (advisory committee

2

notes), in recommending dismissal under Federal Rule of Civil Procedure 41(b). Rule 41(b) allows the Court to "involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order."[1] *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). When deciding whether to dismiss for failure to prosecute, courts weigh four factors: (1) the party's "willfulness, bad faith, or fault"; (2) prejudice to opposing parties; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Two of those factors (one and three) clearly favor dismissal here. As the Magistrate Judge notes, Freeman has not "respond[ed] to the November 12, 2024, Show Cause Order, has not properly moved to proceed in forma pauperis, and has not paid the filing fee." (Doc. 4, #11). Nothing in the record suggests that those failures were anyone's fault but Freeman's, meaning he appears to be acting willfully. Beyond that, the Show Cause Order explicitly warned Freeman that failure to comply "[would] result in dismissal of [his] action." (Doc. 3, #10). So he certainly has been warned about the potential consequences of his failure to cooperate.

True, factor two weighs against dismissal. SOCF has not yet been served, and nothing suggests that it would be prejudiced by Freeman's delay in addressing the Magistrate Judge's Orders. *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir.

---

[1] Although Rule 41(b) provides for dismissal on a defendant's motion, "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

3

2013) ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." (cleaned up)).

But factor four counsels, if only slightly, in favor of dismissal. That's because Freeman is proceeding pro se, so "lesser alternative sanctions, which might otherwise be available were an attorney not diligent in prosecuting his client's case, are unavailable." *Isaac v. O.D.R.C. Adult Parole Auth.*, No. 1:23-cv-753, 2024 WL 1430826, at *3 (S.D. Ohio Apr. 3, 2024).

Taking the *Knoll* factors together, the Court agrees with the Magistrate Judge that dismissal without prejudice is appropriate given Freeman's failure to prosecute. *Id.* at *2 (citing *Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022)) (explaining that "dismissal without prejudice is a comparatively lenient sanction"). And because dismissal will be without prejudice, Freeman may refile the action if he so chooses.

For the reasons briefly discussed, the Court **ADOPTS** the R&R (Doc. 4) in full and **DISMISSESS** this action **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

January 17, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**